JAMES M. LAWSON'S ADMR.  *v.* B. F. DOTY

Judgment by Default—Pleadings—Sufficiency of Petition—Administrator—
Action Against.

> A petition was filed against the sureties on a constable's bond, and
> against the administrator of the deceased constable, for failure to pay
> over money collected on claims put in his hands for collection as consta-
> ble. No defense was made to the action, and a personal judgment was
> rendered against the administrator and the two sureties: Held that
> without allegation or proof that any assets came into the hands of the
> administrator, it was erroneous to render a judgment against him, and
> even with such proof the judgment against him could be only for the
> debt, interest and costs to be levied of assets in his hands to be admin-
> istered.

APPEAL FROM GARRARD CIRCUIT COURT.

December 6, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

This action was brought against James M. Lawson, Wm. Mc-
Carby and Wyatt Parkins, on the official bond of Lawson as Con-
stable of Garrard county, the other two being his sureties, for fail-
ure to pay over money collected on claims put in his hands for
collection as Constable as aforesaid.

After the institution of the suit, the principal in the bond died,
and the action was revived against Wm. Lawson, Admr. of James
M. Lawson deceased. No defense was made to the action, and a
personal judgment was rendered against Wm. Lawson Admr., and
the two sureties for the sum claimed in the petition and $15.40
ten per centum damages on the same. And from that judgment
the defendants below have appealed.

The judgment is complained of because there is neither allega-
tion nor proof that any assets came to the hands of the Admr., and
that the judgment is personal against him. Certainly without
such allegation and proof if it had been controverted by an ans-
wer it was erroneous to render judgment against Lawson; and
with the proper allegation and proof the judgment against the
Admr. could only have been for the debt, interest, costs and dam-

ages, to be levied of assets in his hands to be administered.    Bott's Admr. vs. Fitzpatrick, 5 *Mon.* 397.

Wherefore the judgment is reversed and the cause remanded with directions for further proceedings consistent herewith.

*Bradley, for appellant.*

*Anderson, for appellee.*